UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00049-LRH-CBC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ERIC ROMERO-LOBATO, | |
| Defendant. | |

Defendant Eric Romero-Lobato has filed a motion to dismiss the third charge of his seven-count indictment, discharge of a firearm during a crime of violence. (ECF No. 27). The government responded, and defendant timely replied. For the reasons stated below, the Court denies defendant's motion to dismiss.

**I. Factual Background and Procedural History**

The following allegations are deduced from the various pleadings on the record. On March 4, 2018, a man suspected to be defendant and a man known only as "Manuel" entered the Aguitas Bar & Grill in Sparks, Nevada. After ordering beers from the owner of the bar, defendant, who was wearing a dark sweatshirt and black baseball cap, exited the bar. Defendant returned to the bar after a short time outside and nodded to Manuel. Manuel suddenly jumped over the bar counter, pushed his forearm up against the owner's throat, and began reaching for his pants pocket. Manuel demanded that the owner give him all his money. The owner's wife saw Manuel attacking her husband and ran over to stop Manuel while calling for help. The owner's son rushed out of a back room and put Manuel into a headlock, pulling him away from his father. Defendant, who had been

standing by the exit during the altercation, pulled a gun from his waistband and pointed it at the owner, his wife, and his son. He demanded that they "give him the money" and fired a shot into the ceiling of the bar. Unsuccessful in the robbery attempt, defendant and Manuel then fled from the Aguitas, leaving the parking lot in a Toyota Rav4 SUV.

Early the following morning, Sparks law enforcement officers located the same Toyota Rav4 used in the Aguitas robbery, and they towed it to the Sparks Police Department's evidence lot. Vehicle registration revealed that it belonged to defendant's sister-in-law. Investigators discovered defendant through his brother's social media accounts, and after comparing booking and social media photographs of defendant to security footage of the robbery, concluded that defendant was the Aguitas shooter. Police interviewed defendant's sister-in-law when she came to the impound lot to pick up her vehicle; during the interview, she identified the Aguitas shooter as defendant who, in her opinion, looks very similar to his brother. In a subsequent interview with police, defendant's brother identified the shooter as defendant.

Defendant was arrested two months later, on the night of May 4, 2018, following an incident where he led police on a high-speed chase in a stolen vehicle. Defendant was suspected of carjacking the vehicle's owner at a Reno-area car wash earlier that day. After defendant was removed from the vehicle and arrested, police discovered a loaded handgun on the front passenger's seat. The government's forensic expert has concluded that the gun found with defendant following the high-speed chase is the same gun that was used in the Aguitas robbery. Stemming from these two incidents, defendant was indicted on seven offenses: (1) conspiracy to commit Hobbs Act robbery; (2) attempted Hobbs Act robbery; (3) discharging a firearm during a crime of violence; (4) felon in possession of a firearm; (5) carjacking; (6) brandishing a firearm during a crime of violence, and (7) felon in possession of a firearm. (ECF No. 11). Defendant previously filed a motion to sever the charges into two trials, which the court granted. (ECF No. 65). Defendant now seeks to dismiss the third charge levied against him – discharging a firearm during a crime of violence, which arose out of the Aguitas robbery. (ECF No. 27).

///

///

## II. Discussion

Defendant argues that a violation of 18 U.S.C. §1951 – Hobbs Act robbery – does not qualify as a "crime of violence" for the purposes of a conviction of 18 U.S.C. §924(c), which penalizes the use of a firearm during a crime of violence. (ECF No. 27 at 2). Specifically, defendant has been charged with a violation of 18 U.S.C. §924(c)(1)(A)(iii), the section that imposes a mandatory ten-year prison term if a defendant discharges a firearm during the commission of a crime of violence.

18 U.S.C. §924 provides two definitions of "crime of violence," with both definitions requiring that the offense be a felony. First, §924(c)(3)(A) states that any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" is a crime of violence. This is often referred to as the "elements" or "force" clause. On the other hand, §924(c)(3)(B) states that any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" is a crime of violence. This is often referred to as the "residual clause." The Supreme Court has recently found that one similar and one identical residual clause are unconstitutionally vague. In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). The ACCA mandates that a defendant with three prior convictions for "violent felonies" be given an automatic fifteen-year sentencing enhancement. The ACCA's residual clause had defined a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id*. at 2555–56. This residual clause was determined to be unconstitutionally vague because (1) it required a judge to imagine an "ordinary case" and then determine whether that fictitious scenario presents a serious risk of physical injury, and (2) it was unclear how much "risk" was required for a felony to rise to the level of a violent one. *Id*. at 2557–58.

Three years later in *Sessions v. Dimaya*, the Supreme Court once again invalidated a residual clause, this time in the Immigration and Nationality Act ("INA"). 138 S. Ct. 1204 (2018). The INA's residual clause, codified in 18 U.S.C. §16(b) and §924(e)(2)(B), defined a "crime of

3

violence" as any felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. at 1211. This residual clause was invalidated for the same reasons as the ACCA's, namely that it required a court to identify a crime's "ordinary case" but provided no guidance as to what the ordinary case would look like. *Id*. at 1213–14. And the INA's "substantial risk" requirement was no clearer than the ACCA's "serious potential risk" requirement and presented the same issues as in *Johnson*. *Id*. at 1214.

The Supreme Court has not commented directly on the residual clause in §924(c)(3)(B) despite it having identical language to the clause found to be unconstitutional in *Dimaya*. Several circuit courts have analyzed §924(c)(3)(B) in light of *Dimaya*, and there is a current circuit split as to whether the residual clause is unconstitutionally vague. *See U.S. v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (holding that the residual clause is unconstitutionally vague); *U.S. v. Davis*, 903 F.3d 483, 485–86 (5th Cir. 2018); *U.S. v. Salas*, 889 F.3d 681, 684–85 (10th Cir. 2018); *U.S. v. Eshetu*, 898 F.3d 36, 37–38 (D.C. Cir. 2018). The circuit courts that have found the residual clause to be constitutional have done so because, unlike in *Dimaya*, §924(c)(3)(B) requires a conduct-based approach, not a categorical approach. *See In re Garrett*, 908 F.3d 686, 687 (11th Cir. 2018); *U.S. v. Douglas*, 907 F.3d 1, 3 (1st Cir. 2018) (same); *U.S. v. Barrett*, 903 F.3d 166, 169 (2d Cir. 2018) (same). It does not appear that the Ninth Circuit has addressed this issue following *Dimaya*, and defendant does not address the conduct approach in his motion. It is ultimately unnecessary for the Court to decide this issue today because it finds that attempted Hobbs Act robbery qualifies as a crime of violence under the elements clause of §924(c)(3)(A).

Defendant dedicates most of his motion to arguing that Hobbs Act robbery is not a crime of violence under the elements clause of §924(c)(3)(A). (ECF No. 27 at 3). This is in conflict with both Ninth Circuit precedent and the law of several other circuits. In *U.S v. Mendez*, the Ninth Circuit plainly stated that Hobbs Act robbery "indisputably qualifies as a crime of violence" under the elements clause, despite *Mendez* not being a Hobbs Act robbery case. 992 F.2d 1488, 1491 (9th Cir. 1993). In an unpublished decision following *Johnson*, the Ninth Circuit reaffirmed that Hobbs Act robbery is a crime of violence under the elements clause. *U.S. v. Howard*, 650 Fed.

4

App'x. 466, 468 (9th Cir. 2016). Importantly, the Ninth Circuit did not address nor rely on the residual clause in deciding whether Hobbs Act robbery is a crime of violence. District courts within the Ninth Circuit have reaffirmed *Mendez* in the years following *Johnson*. *See U.S. v. Acton*, 2017 WL 6061531, at *3 (D. Mon. Dec. 7, 2017) (collecting unpublished Ninth Circuit decisions reaffirming *Mendez*); *U.S. v. Davis*, 2016 WL 6473074, at *2–3 (N.D. Cal. Nov. 2, 2016) (finding that *Mendez* is controlling). In addition to the Ninth Circuit, other circuit courts across the country have also found Hobbs Act robbery to be a crime of violence under §924(c)(3)(A) following *Johnson*. *See U.S. v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018); *U.S. v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *U.S. v. Gooch*, 850 F.3d 285, 290–91 (6th Cir. 2017); *U.S. v. Rivera*, 847 F.3d 847, 849–50 (7th Cir. 2017); *Diaz v. U.S.*, 863 F.3d 781, 783–84 (8th Cir. 2017). It is clear that the current majority view in both the Ninth Circuit and across the country is that Hobbs Act robbery qualifies as a crime of violence under the elements clause of §924(c)(3)(A).

The only question in this case, then, is whether attempted Hobbs Act robbery qualifies as a crime of violence under §924(c)(3)(A). This Court recently faced the same issue last year in *U.S. v. Johnson*, 2018 WL 3518448 (D. Nev. July 19, 2018). In *Johnson*, Judge Jennifer A. Dorsey found that attempted Hobbs Act robbery qualified as a crime of violence under the elements clause of §924(c)(3)(A) when applying the modified categorical approach. *Id*. at *4. First, Judge Dorsey concluded that the Hobbs Act is divisible, meaning that she could apply the modified categorical approach instead of the categorical approach to determine whether Hobbs Act robbery is a crime of violence. *See Descamps v. U.S.*, 570 U.S. 254, 257 (2013) (approving of the use of the modified categorical approach in lieu of the categorical approach when the statute is divisible). For a statute to be divisible, it must contain multiple, alternative elements of functionally separate crimes, not just be disjunctively worded. *U.S. v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015). The Hobbs Act robbery statute, 18 U.S.C. §1951(a), states that "whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section" is guilty of Hobbs Act robbery. Judge Dorsey found the statute to have six functionally separate crimes:

(1) interference with commerce by robbery; (2) interference with commerce by extortion; (3) attempt to interfere with commerce by robbery; (4) attempt to interfere with commerce by extortion; (5) conspiracy to interfere with commerce by robbery, and (6) conspiracy to interfere with commerce by extortion. *Johnson*, 2018 WL 3518448, at *3. The Court agrees with this reading of §1951(a) and also finds that the statute is divisible.

Because the statute is divisible, the Court may apply the modified categorical approach to the specific offense that defendant was charged with – an attempt to interfere with commerce by robbery – to determine if it qualifies as a crime of violence under §924(c)(3)(A). To prove attempted Hobbs Act robbery, the government must show that (1) the defendant knowingly attempted to obtain money from a victim; (2) the defendant attempted to do so by means of robbery; (3) the defendant believed that the victim would part with the money because of the robbery; (4) the robbery would have affected interstate commerce; and (5) the defendant took a substantial step toward committing the crime. *U.S. v. Johnson*, 2018 WL 3518448, at *4 (D. Nev. July 19, 2018). Judge Dorsey found that attempted Hobbs Act robbery was a crime of violence because the elements clause of §924(c)(3)(A) explicitly encompasses the attempted or threatened use of force in describing a crime of violence. *Id*.

The Court agrees because a plain reading of the statute supports this view. The elements clause of §924(c)(3)(A) includes the words "attempted [or threatened] use…of physical force against the person or property of another," which, as the Eleventh Circuit noted in *St. Hubert*, indicates Congress's intent to include the attempted or threatened use of physical force as a crime of violence. *U.S. v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018). Presumably, if Congress did not intend for attempt offenses to be classified as crimes of violence, it would not have included such language in the statute. In *Hill*, the Seventh Circuit held that because a defendant must specifically intend to commit every element of a crime to be guilty of the attempt version of that crime, "[w]hen the intent element of the attempt offense includes intent to commit violence against the person of another…it makes sense to say that the attempt crime itself includes violence as an element." *Hill v. U.S.*, 877 F.3d 717, 719 (7th Cir. 2017). This is precisely the case here. The Court

finds the reasonings of the Eleventh and Seventh circuits to be persuasive and adopts their views herein.

A holding to the contrary would be illogical. Under Ninth Circuit precedent, proof of an attempt requires that 1) the defendant specifically intended to commit the criminal offense, and (2) that he took a substantial step towards doing so. *U.S. v. Saavedra-Velazquez*, 578 F.3d 1103, 1107 (9th Cir. 2009). The step required must be of "such substantiality that, unless frustrated, the crime would have occurred." *Id*. In other words, but for some external force beyond the defendant's control, his crime would have been successful. In this context, a defendant would attempt to commit the same act (robbery), but in one case he completes his objective, and in another case, he is stopped by a factor beyond his control, such as police intervention or resistance from the victim. The defendant who completes his robbery is considered to have committed a crime of violence, but the defendant possessing the same intent and performing the same actions but who fails does not commit a crime of violence. This scenario results in disparate sentences for defendants who have the same intent and engage in the same conduct, something that Congress has long strived to avoid.

In his motion to dismiss, defendant does not address whether attempted Hobbs Act robbery is a crime of violence under §924(c)(3)(A). Defendant only addresses whether Hobbs Act robbery itself is a crime a violence, a crime that he has not been charged with. He later argues in his reply for the first time that attempted Hobbs Act robbery is not a crime of violence, citing, *inter alia*, to two pre-*St. Hubert* decisions out of the Eleventh Circuit in support of his argument. (ECF No. 44 at 3–4). Not only do these cases not address whether attempted Hobbs Act robbery is a crime of violence, but any persuasive value that they may have had is foreclosed by the more recent *St. Hubert*, which is directly on point in holding that attempted Hobbs Act robbery is a crime of violence under §924(c)(3)(A). Furthermore, it is improper for defendant to raise an issue for the first time in his reply brief, especially when his original motion does not address the very charge he argues has been improperly categorized. *See U.S. v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) ("arguments not raised by a party in its opening brief are deemed waived") (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)).

### III. Conclusion

IT IS THEREFORE ORDERED that defendant's motion to dismiss (ECF No. 27) is **DENIED**.

IT IS SO ORDERED.

DATED this 17th day of May, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE